IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL L. GUY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. Action No. 17-576-GMS |
| v. | ) | Superior Court of the State of |
| | ) | Delaware in and for New Castle County |
| HANIFA SHABAZZ, et al., | ) | Case No. 17C-05-103 WCC |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

## I.   INTRODUCTION

The plaintiff Samuel L. Guy ("Guy"), an attorney who proceeds *pro se*, filed this action in the Superior Court of the State of Delaware in and for New Castle County on May 8, 2017, alleging violations of the right to due process and equal protection under the United States Constitution and the Delaware Constitution. (D.I. 1).  The defendants Hanifa Shabazz ("Shabazz"), Rysheema Dixon ("Dixon"), Loretta Walsh ("Walsh"), and the Wilmington City Council ("City Council") (collectively "the defendants") filed a notice of removal to this court on May 17, 2017.  (*Id.*)  Before the court is Guy's request for default and motion to remand to State Court and the defendants' motion to dismiss.  (D.I. 3, 5, 6.)

## II.   BACKGROUND

Shabazz serves as president of the City Council and Dixon and Walsh are At-Large members of the City Council.  (D.I. 1-1 at ¶¶ 1-4.)  Walsh also serves as the president pro tempore.  (*Id.* at ¶ 4.)  Guy, Dixon, Walsh, and Ciro Adams ("Adams")[1] are recently elected At-

---

[1] Adams is not a party to this litigation.

Large members of the 107th Session of the Wilmington, Delaware City Council. (D.I. 1-1 at ¶ 14.) The court takes judicial notice that the newly elected At-Large Council members took office on January 3, 2017. *See* https://www.wilmingtonde.gov/Home/Components/News/News/ 293/225 (last visited Jan. 30, 2018). The City of Wilmington (the "City") is a municipality, organized under 22 Del. C. §§ 801, et seq. (*Id.* at ¶ 5.) Each City Council member is allotted a budget of $10,000 for the fiscal year, and council members must allocate $8,000 of discretionary funds for scholarships. (*Id.* at Exs. A, C.)

Given that the fiscal year closes on June 30th (*id.* at Tab 7-8), the terms of the newly elected At-Large City Council members did not begin at the same time as the fiscal year. Guy alleges that a total of $15,400 was not used by the previous At-Large Council members, and the money was distributed to the newly elected At-Large City Council members in a manner that violated the Equal Protection Clause and the Due Process Clause. (*Id.* at ¶ 11.) Guy calculates the $15,400 resulted in an average of $3,850 available for distribution to each At-Large Council Member. (*Id.* at ¶ 12.)

Guy learned on January 24, 2017, that he was not allocated anything for scholarship and discretional funding. (*Id.* at ¶ 15.) Dixon was allocated $6,500, Walsh was allocated $8,650, and Adams was allocated $250. (*Id.* at ¶ 16.) Based upon Exhibit B of the complaint, it appears the newly elected At-Large City Council members inherit the discretionary funds of their predecessors and received money based upon whom they replace, in alphabetical order. (*Id.* at Ex. B.) Walsh was reelected so she retained the funds she had not used, $8,650. Brown, Cabrera, and Wright were the former At-Large City Council members and they were replaced by Adams, Dixon, and Guy. Brown had $250 left in discretionary funds, and it was allocated to

2

Adams; Cabrera had $6,500 left in discretionary funds, and it was allocated to Dixon, and Wright had no money left in discretionary funds, and the zero amount was allocated to Guy. (*See id.*)

Guy alleges the disparity in the allocations was concealed from him. (*Id.* at ¶ 22.) Shabazz and the City Council made a public announcement that the money was distributed in alphabetical order. (*Id.* at ¶ 19.) Guy alleges that the "alphabetical order classification" method for distribution of funds has no relationship to the amount of scholarship and discretionary financial resources distributed to At-Large City Council members. (*Id.* at ¶ 20.) He alleges that Shabazz "made up an alphabetical order rationale as her explanation to justify how she distributed the scholarship and discretionary funds." (*Id.* at ¶ 27.) He contends that Shabazz distributed the funds in a manner reflecting her personal preference knowing the funds belong to the citizens of Wilmington, Delaware. (*Id.* at 28.)

Guy alleges that Shabazz, Dixon, and Walsh intentionally received, retained or disposed of scholarship and discretionary funds (the property of another At-Large City Council member), with the intent to deprive Guy and Adams of the funds, or to appropriate the funds knowing the funds were acquired under circumstances amounting to violations of the Equal Protection Clause and the Due Process Clause. (*Id.* at ¶ 24.) Guy alleges that Dixon and Walsh had an obligation to return any portion of scholarship and discretionary funds they received in violation of the United States and Delaware Constitutions. (*Id.* at ¶ 38.) Finally, Guy alleges that Shabazz did not administer the financial resources of the City Council in a manner consistent with the Equal Protection Clause and Due Process Clause and she and the City Council operated in an arbitrary and capricious manner. (*Id.* at ¶¶ 33, 43.)

3

Guy seeks a declaratory judgment to find the current manner of allocating scholarship and discretionary funding for At-Large City Council members unconstitutional, and to determine a procedure that affords At-Large City Council members equal protection and due process.

The defendants moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) they are shielded from suit by reason of legislative immunity; and (2) Guy cannot state claims for violation of his due process and equal protection rights. (D.I. 3, 4.) Guy opposes the motion to dismiss and seeks leave to amend in lieu of dismissal. (D.I. 9.) On the same day the defendants filed their motion to dismiss, Guy filed a request for default and a motion to remand this matter to State Court. (D.I. 5, 6.)

## III. REQUEST FOR DEFAULT

Guy moves for entry of default on the grounds that the defendants have not answered the complaint, failed to appear, or otherwise defend within the time allowed. (D.I. 5.) The defendants oppose noting that they have never been served and, further, they timely filed a motion to dismiss. (D.I. 7.)

An entry of default must be entered due to the default of a party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459, (D.N.J. Sept.19, 2006), *aff'd in part*, 247 F. App'x 387 (3d Cir. 2007) (unpublished).

The defendants appeared and filed a motion to dismiss the complaint. Entry of default is not proper and, therefore, the court will deny Guy's motion. (D.I. 5.)

4

## IV.   MOTION TO REMAND

Guy moves to remand this matter to State Court. (D.I. 6.) Guy does not dispute that the federal due process and equal protection claims are removable to this court. However, he contends that his due process and equal protection claims under the Delaware Constitution allow the court to exercise its discretion and remand all matters in which State law predominates under 28 U.S.C. § 1441(c).[2] The defendants oppose, noting that removal was proper, and argue that Guy cites the wrong standard and requests relief unavailable to him. (D.I. 8.)

Section 1441(c) no longer contains the language cited by Guy, this portion of the statute having been amended, effective December 7, 2011. As Guy concedes, the complaint clearly alleges constitutional claims that invoke federal question jurisdiction, but argues that the rest of the case "is otherwise not removable." The removal statutes, § 1447(c) and § 1441 (c)(2) mandate that in an action where a district court has federal question jurisdiction over certain claims, but lacks either original jurisdiction or supplemental jurisdiction over other claims, the court shall sever the latter claims and remand them to state court. *Id.* Supplemental jurisdiction over state law claims will be found where they derive from a common nucleus of operative facts as the federal claims such that they would ordinarily be expected to be adjudicated in one proceeding. *See City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988). *See also* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

---

[2] Prior to its amendment, § 1441(c) gave district courts discretion to remand all matters in which state law predominates.

the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

Because Guy's Delaware constitutional law claims are premised on the same operative facts as his federal due process and equal protection claims, the court properly has supplemental jurisdiction over the state law claims. Remanding the claims to state court is not warranted. *See e.g., Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 786 (3d Cir. 1995). Therefore, the court will deny the motion to remand. (D.I. 6.)

## V.   MOTION TO DISMISS

### A.   Legal Standards

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions

6

improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d

198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement

of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, __U.S. __, 135 S.

Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive

plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant]

pleads factual content that allows the court to draw the reasonable inference that the [accused] is

liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 679.

## B.   DISCUSSION

### 1.   Legislative Immunity

The individual defendants move for dismissal on the grounds that they are shielded from

suit by reason of legislative immunity. They argue that the allocation of discretionary funds is a

legislative action subject to absolute immunity. Guy contends they are not immune from suit and

argues the acts taken in the distribution of the funds constitutes fraud or bad faith.

The complaint does not indicate what, if any statute, Guy proceeds under, although he

alleges constitutional violations which are typically raised under 42 U.S.C. § 1983.[3] "The

---

[3] Guy states in his opposition that he "clearly understands the complaint includes 42 U.S.C.
§ 1983 claims. (D.I. 9 at 12.) He also states he raises claims under the Wilmington City Code.
There are no such claims in the complaint, and Guy may not amend his complaint through his
opposition to the motion to dismiss. *See Commonwealth. of Pa. ex rel. Zimmerman v. PepsiCo,
Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

7

Supreme Court has found that 'local legislators are . . . absolutely immune from suit under § 1983 for their legislative activities.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Immunity applies "to all actions taken 'in the sphere of legitimate legislative activity.'" *Id.* at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* at 54.

A member of a local governing body is cloaked in legislative immunity when the challenged action is both "substantively" and "procedurally" legislative. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994). An action is "substantively" legislative, as opposed to administrative, executive or managerial, when it involves "a policy-making or line-drawing decision." *Id.* A governing body's decision is "procedurally" legislative, when it is "undertaken through established legislative procedures." *Id.*

Legislative immunity applies to some very narrow actions, including core budgeting decisions that affect the public at large. *See Bogan*, 523 U.S. at 47, 55-56 (1998) (city budgeting). City council members should not have to answer for every decision to appropriate public resources. *See San Pedro* Hotel, Inc. v. City of Los Angeles, 159 F.3d 470, 476 (9th Cir 1998) ("This is precisely the type of decision for which a legislator must be given immunity. To hold otherwise would expose virtually every municipal funding decision to judicial review.").

Here, Guy's claim implicates the allocation of public resources. The alleged facts reflect a discretionary, policymaking decision implicating budgetary concerns that authorized

---

1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

allocations to newly elected At-Large City Council members on an alphabetical basis. While admittedly not the most sophisticated method, the funds were allocated in this manner. Given the fact that the decision to make allocations to newly elected At-Large City Council members is budgetary in nature, the individual defendants are shielded from suit by reason of their legislative immunity. Accordingly, the court will grant the individual defendant's motion to dismiss.

### 2. Due Process and Equal Protection

#### a. Due Process

The defendants seek dismissal of the due process claim on the grounds that the complaint fails to state a claim upon which relief may be granted.[4]

More particularly, they argue that Guy has not pleaded, nor can he prove, he has any protectable property interest in any amount of discretionary funds or in the method of allocation of the funds. Conversely, Guy contends that the governmental program established his right to an equal portion of the discretionary funds and the defendants were involved in taking, possessing, or spending his portion of the discretionary funds.

The substantive component of the Fourteenth Amendment Due Process Clause "limits what governments may do regardless of the fairness of procedures that it employs, and covers government conduct in both legislative and executive capacities." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000). In the context of § 1983 claims, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Woodwind Estates, Ltd. v.*

---

[4] "The phrase 'due process of law' in the federal Constitution and the phrase 'law of the land,' as used in the State Constitution have substantially the same meaning." *Goddard v. State*, 382 A.2d 238, 240, n.4 (Del. 1977) (citing *Opinion of the Justices*, 246 A.2d 90 (Del. 1968)).

*Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000) (overruled on other grounds by *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003)). If the property interest "falls within the ambit of substantive due process," the government cannot take it away for reasons that are "arbitrary, irrational, or tainted by improper motive," or through conduct that "shocks the conscience." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000).

Guy has failed to establish a protected interest in the discretionary funds that council members distribute to the public. A protected property interest only exists where a person possesses "a legitimate claim of entitlement to a benefit, rather than a mere expectation of receiving it." *MacNamara v. County Council of Sussex Cnty.*, 738 F. Supp. 134, 141 (D. Del. 1990). As a council member, while Guy may have had an expectation he would receive an allocation, he had no entitlement to discretionary funds by reason of his elected office. *See e.g., Taylor v. Beckham*, 178 U.S. 548, 577 (1900) ("The decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such. Nor are the salary and emoluments property, secured by contract, but compensation for services actually rendered."). The monies Guy claims to which he has a property interest are public funds.

With no protected interest in the property to which Guy has no claim of entitlement, the due process claims under the United States Constitution and Delaware Constitution fail. Accordingly, the court will grant the motion to dismiss the due process claims.

### b.    Equal Protection

The defendants seek dismissal of the equal protection claim on the grounds it fails to state

a claim upon which relief may be granted.[5]  More particularly, the defendants contend that Guy is not a member of a suspect class and he cannot demonstrate that he was subject to different treatment than similarly situated individuals.[6]  Guy responds that through discovery, he expects to obtain additional evidence to implicate a suspect or quasi-suspect class.  Guy also states that the "City Council through the At-Large funding behavior continues the long history of purposeful unequal treatment of black men." (D.I. 9 at 14.)

Here, the complaint does not allege Guy's membership in a class or group.  Under the Equal Protection Clause, a plaintiff may maintain an action as a "class of one" (*i.e.*, without alleging membership in a class or group.).  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  A plaintiff may proceed on a "class of one" theory under the Equal Protection Clause where "[]he alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.  See also Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).  "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotations omitted).  Allegations of irrational and wholly arbitrary disparate treatment are sufficient, regardless of subjective motivation, to state a claim for relief. *Village of Willowbrook*, 528 U.S. at 565. To survive rational basis review, a classification must be 'rationally related to a legitimate

---

[5] The Delaware Constitution contains no equal protection clause *per se. See Hughes v. State*, 653 A.2d 241 n.3 (Del. 1994).

[6] The defendants also argue that the City Council's actions are rationally related to the achievement of its interests in the consistent and efficient administration of its financial resources. (D.I. 4 at 10.)  The court does not address this basis for dismissal, finding it premature, and should be flushed out by the parties should this case proceed to discovery.

11

governmental objective.'" *Cooper v. Menges*, 541 F. App'x 228, 233 (3d Cir. 2013) (unpublished).

As currently pled, the complaint does not allege that Guy was treated differently from similarly situated newly elected At-Large City Council members.[7] It is clear from the allegations that the discretionary funds were allocated to the newly elected At-Large City Council members based upon the alphabetical order of the last names of the outgoing At-Large City Council members and the alphabetical order of the last names of the newly elected At-Large City Council members. The allocation method used was the same for all newly elected At-Large City Council members. Unfortunately for Guy, his name was last in the alphabetical order and the corresponding outgoing At-Large City Council member had no money left in discretionary funds.

For the above reasons, the court will grant the motion to dismiss the equal protection claim. However, since it appears plausible that Plaintiff may be able to articulate a claim against an alternative defendant, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### 2.      City Council as a Defendant

To the extent Guy seeks to raise a § 1983 claim against the City Council, the City of Wilmington, and not the City Council, is the proper defendant under 42 U.S.C. § 1983. *See*

---

[7] In his opposition to the motion to dismiss, for the first time Guy raises the specter of race to support his claim of an equal protection violation. (*See* D.I. at 14.)

*Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (A local government is responsible under section 1983 "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"); *see Reilly v. City of Harrisburg*, 205 F. Supp. 3d 620, 635 (M.D. Pa. 2016), *vacated and remanded on other grounds*, 858 F.3d 173 (2017) (city council not a proper party to § 1983 litigation).

## VI.    CONCLUSION

Based upon the above discussion, the court will:  (1) deny the plaintiff's request for entry of default (D.I. 5); (2) deny the plaintiff's motion to remand (D.I. 6); (3) grant the defendant's motion to dismiss (D.I. 6); and (4) give the plaintiff leave to file an amended complaint.  The individual defendants will be dismissed with prejudice as they are shielded from suit by legislative immunity, the City Council will be dismissed as it is not a proper party, and the due process claim will be dismissed with prejudice as amendment is futile as to that claim.

An appropriate order will be entered.

_____, 2018
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

13